UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR BIAGI,<br><br>Plaintiff,<br><br>– against –<br><br>MCALLISTER TOWING &<br>TRANSPORTATION CO., INC. and<br>HARBOR PILOTS OF N.Y. N.J., LLC<br><br>Defendants. | MEMORANDUM & ORDER<br><br>11-CV-3567 |



**Jack B. Weinstein, Senior United States District Judge:**

  For the reasons stated orally and on the record at a hearing held on December 12, 2012, defendants' motion for summary judgment is granted in part and denied in part.

  Defendants' motion is granted as to plaintiff's defamation and tortious interference with prospective economic advantage claims. The parties have consented to limit the case to plaintiff's claims of wrongful discharge and a hostile work environment on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), the New York State Human Rights Law, Executive Law § 290 ("NYSHRL"), and the New York City Human Rights Law, Administrative Code, § 8-101 ("NYCHRL").

  Plaintiff's defamation claims do not survive summary judgment. The court previously allowed all but one of plaintiff's defamation claims to survive dismissal on the pleadings. Tr. of Hr'g. on Mot. to Dismiss Feb. 15, 2012, dated Apr. 3, 2012, CM/ECF No. 31, at 36-38. The remaining allegedly defamatory statements were: (1) around October 2010, Jeffery McAllister, a fellow pilot, stated that plaintiff had a "'mental disorder' and had violated their company policies... 'that's why he was fired'"; (2) around August 2010, Simon Zorovich, another fellow



pilot, informed the president of a competing company that "plaintiff was not only being sued by McAllister and the defendant Harbor Pilots, but yet another harbor pilots organization was suing the plaintiff for 'violations'"; (3) Schnepp, another McAllister employee, said that plaintiff was faking his injuries, during a time that he was home due to injuries or personal problems; and (4) McAllister instigated the Coast Guard to investigate plaintiff on false pretenses on the grounds that he abused prescription medications, when in fact they were approved medications for his post-traumatic stress disorder. *Id.*

The first statement is not defamatory because it is true. Plaintiff suffered from and took medication to treat his post-traumatic stress disorder—a mental disorder that was a result of his time in service during the Vietnam War. He voluntarily shared this information with fellow pilots. Dep. of Kress, Ex. 2 of Defs.' Mem. in Supp. of Mot. for Summ. J., dated Sept. 12, 2012, CM/ECF No. 40, at 35-38. Plaintiff also acknowledged that he was terminated from McAllister for violating company policy by refusing to continue to bill through Harbor Pilots, despite his long-standing practice of abiding by this billing arrangement. Dep. of Biagi, Ex. 3 of Defs.' Mem. in Supp. of Mot. for Summ. J., dated Sept. 12, 2012, CM/ECF No. 40, at 230-32. The work of harbor pilots is vitally important and the consequences of a mistake could be disastrous for our ports, waterways, economy, and environment, as well as the pilot personally. Statements to a potential employer about Biagi's mental state and policy violations would have been wholly appropriate given the difficulties and challenges inherent in such work.

The second statement does not support a viable defamation claim because it cannot be attributed to defendants—plaintiff conceded in his deposition and at the summary judgment hearing that he does not know exactly who made the statement or what was actually said. Dep.

of Biagi, Ex. 3 of Defs.' Mem. in Supp. of Mot. for Summ. J., dated Sept. 12, 2012, CM/ECF No. 40, at 234-37.

The last two statements are time-barred under the one year limitations period. *See* N.Y. C.P.L.R. § 215(3).

Plaintiff has not satisfied all the elements of a viable claim of tortious interference with prospective economic advantage to survive summary judgment.

A trial on the remaining ADEA, NYSHRL, and NYCHRL claims is scheduled for Monday, December 17, 2012 at 10:00 a.m.

All *in limine* motions shall be heard on Friday, December 14, 2012 at 10:00 a.m. The parties shall submit all briefs on any *in limine* motions no later than December 13, 2012. By that same day, they shall file proposed jury charges together with any appropriate supporting briefs, and exchange: (1) lists of pre-marked documents proposed for use at trial, together with copies of all documents; (2) lists of potential witnesses together with summaries of proposed testimony; and (3) stipulations with respect to all undisputed facts. Copies shall be simultaneously filed and docketed.

SO ORDERED.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: December 12, 2012
       Brooklyn, New York